# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, 1911.

IN RE ADVISORY OPINION TO THE GOVERNOR.

In the absence of constitutional or statutory provisions governing the subject, an adult unmarried woman who is a citizen and resident of this State, and who has not become disqualified under the laws of the State to hold office, may be appointed to fill a vacancy in the office of county treasurer.

State of Florida,
Executive Department,
Tallahassee, January 8, 1912.

To the Honorable Chief Justice and Justices of the Supreme Court of Florida:

Gentlemen:

I have been officially informed that Mr. R. C. Creech, who was County Treasurer of Palm Beach County, died on or about December 29th, 1911.

The State Constitution imposes upon me the duty of making an appointment to fill the vacancy in the office of

Advisory  Opinion  to  the  Governor.

County Treasurer, of Palm Beach County, caused by Mr. Creech's death.  In pursuance of a fixed policy followed by me in such cases, I requested the Democratic County Executive Committee of said County, to recommend to me the name of a suitable person for appointment to fill the said vacancy.

The said Committee has now formally recommended that I appoint Mrs. Anna L. Creech, of said County, to fill the unexpired term of Mr. R. C. Creech, deceased.

I respectfully request the opinion of the Justices of the Supreme Court, under Section 13, Article IV of the State Constitution, as to whether a woman is qualified under the constitution and laws of this State, to hold the office of County Treasurer; and whether it would be a proper discharge of my duty to appoint and commission a woman to fill the vacancy existing in such office of County Treasurer·

I have the honor to remain,

<div align="center">

Very respectfully,

(Signed)      ALBERT W. GILCHRIST,

Governor.

</div>

<div align="center">

In the Supreme Court of Florida,

Tallahassee, Fla., January 8, 1912.

</div>

To His Excellency,

  Albert W. Gilchrist,

    Governor of Florida.

Sir:

We have your request under Section 13 of Article 4 of the Constitution "as to whether a woman is qualified under the constitution and laws of this State, to hold the office of County Treasurer," made vacant by the death of the former incumbent.

The constitution provides that "The legislature shall

provide for the election by the qualified electors in each county of ——————— a county treasurer." Section 6 Article 8. "When any office, from any cause, becomes vacant, and no mode is provided by this constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term." The statute provides that "every office shall be deemed vacant ——————— by the death of the incumbent" and in such a case "it shall be the duty of the Governor to fill such office by appointment." Sections 298 and 301 General Statutes. While the constitution confines the electors of the State to male persons having stated qualifications it does not prescribe the qualifications of those who may hold office under the State government, except in a few instances not material here.

The constitution requires all county officers except assistant assessors of taxes to give a bond before they are commissioned by the Governor and this may debar married women who are not authorized to execute bonds that are binding on them personally.

In the case of State ex rel. Attorney General v George, 23 Fla. 585, text 594, 3 South, Rep. 81, it is said: "There is no absolute connection between voters and officers, by which the qualifications for the latter should necessarily be determined by those for the former. Each is regulated to its own end, the former always by special provision, the latter sometime not at all, except, as in this State the more important political and judicial places; so that, as to all officers, the people, in the absence of other requirements, are left to their own discretion, limited only by a common understanding, equivalent to law, that prohibits electing to office any person who is not in somewise a member of the body politic."

In the absence of constitutional or statutory provisions governing the subject, an adult unmarried woman who is a citizen and resident of this State, and who has not become disqualified under the laws of the State to hold office, may be appointed to fill a vacancy in the office of county treasurer.

<div align="center">

Very respectfully,

(Signed)    J. B. WHITFIELD,

R. F. TAYLOR,

T. M. SHACKLEFORD,

R. S. COCKRELL,

W. A. HOCKER,

Justices of the Supreme Court of Florida.